IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

ARDEN VAN UPP,

                                                                   /

No. C 10-01431 SI

File also in: No. C 10-01699 SI;
              No. C 10-02616 SI;

**ORDER DISMISSING APPEALS**

Debtor Arden Van Upp has filed many appeals in her ongoing bankruptcy proceeding, including three appeals in 2010 and one appeal in 2011 that are currently pending before this Court. Debtor filed the two appeals that are Case Numbers 10-01431 and 10-01699 in April 2010. As the Court has noted previously, these cases appear to be identical.[1] Debtor then filed the appeal that is Case Number 10-02616 on June 15, 2010. Finally, debtor filed the appeal that is Case Number 11-00178 on January 12, 2011.

On June 1, 2010, Attorney Richard C. Sinclair substituted in as counsel in Case Number 10-01699. Case No. 10-01699, Doc. 7. Mr. Sinclair notified the Court that he was substituting in as counsel in Case Numbers 10-01431 and 10-02616 in February 2011.

For over eight months, there was no activity in any of the 2010 appeals. Then, on February 15, 2011, Mr. Sinclair notified the Court that he would be disabled through February 25, 2011. Case No. 10-01699, Doc. 8; Case No. 10-01431, Doc. 4; Case No. 10-02616, Doc. 3. The notification coincided

---

[1] On April 5, 2010, debtor Arden Van Upp filed a Notice of Appeal from Bankruptcy Court in the U.S. District Court for the Northern District of California. Case No. 10-01431 SI, Doc. 1. Although it is not clear how or why this happened, it appears that the notice of appeal was also transmitted to the Bankruptcy Appellate Panel; that trustee David A. Bradlow declined to proceed before the BAP on April 16, 2010; and that trustee filed a Notice of Transfer of Appeal to the District Court on April 21, 2010. Case No. 10-01699 SI, Doc. 1. Debtor's notice of appeal and trustee's notice of transfer of appeal were each docketed separately, the former as Case No. 10-01431 and the latter as Case No. 10-01699.

with a filing in the new 2011 appeal in which debtor requested an extension of time to file her brief due to Mr. Sinclair's disability. Case No. 11-00178, Docs. 1, 5. The Court granted the full requested extension of time in the 2011 appeal, to March 22, 2011. Case No. 11-00178, Doc. 7.

On February 22, 2011, the Court issued Orders to Show Cause ("OSCs") in the three 2010 appeals.[2] E.g., Case No. 10-01431, Doc. 8. The Court noted that it appeared that all three cases could be dismissed either for failure to prosecute or because they are inappropriate interlocutory appeals. The Court ordered debtor to respond by March 22, 2011, the date that Mr. Sinclair himself had requested as a deadline in the 2011 appeal, and required that debtor include "specific discussion of relevant case law and applicable Federal Rules of Bankruptcy Procedure." Debtor then requested an additional month to respond to the OSC in the 2010 appeals, as well as an additional month to file a brief in Case Number 11-00178.[3] E.g., Case No. 10-01431, Doc. 9. Given the complete lack of explanation for why no work was done on the 2010 appeals before Mr. Sinclair became fully disabled in November 2010, long after the bankruptcy record and debtor's appellate briefs should have been filed, the Court denied the requested extension of time in those cases (but granted an extension in the 2011 case). E.g., Case No. 10-01431, Doc. 11.

On March 22, 2011, debtor filed a response to the order to the show cause. E.g., Case No. 10-01431, Doc. 13. Debtor does not cite any relevant case law or any of the Federal Rules of Bankruptcy Procedure. Instead, debtor explains that she is dissatisfied with a large number of actions of her trustee in bankruptcy and of the bankruptcy court that, she argues, led to "more than $2.5 million" being "wasted by the Trustee." She says that she has appealed "all decisional matters" in this case,[4] and she explains that the bankruptcy estate is still open. Her explanation for her failure to prosecute these three

---

[2] Due to a docketing error, the OSC was not docketed in Case Number 10-01699 until March 10, 2011. However, that case number was clearly listed in the heading on the OSC that was docketed in Case Number 10-01431, and it was discussed in detail in the body of the OSC. The OSC itself clearly requires debtor to show cause why *both* Case 10-01431 and Case 10-01699 should not be dismissed. And, as discussed above, the appeals in both cases appear to be identical.

[3] The Court construed debtor's request for an extension of time in Case Number 10-01431 as a request for an extension of time in Case Number 10-01699 as well, as a single OSC was issued in both cases.

[4] It appears from court records that each has been a separate appeal, some of which have been dismissed and others of which have not.

2

appeals to this point is: (1) most notices in these cases have been sent directly to debtor (rather than counsel), to an address at which she no longer resides; (2) debtor tried to "resolve the matters" in "the most economical way" by filing a separate civil case against the trustee, which this Court dismissed for lack of jurisdiction; and (3) debtor's current attorney was disabled for a portion of the time that these appeals have been pending. Debtor then cites Federal Rules of Appellate Procedure and California state cases to argue, in effect, that debtor's failure to prosecute these appeals should be analogized to a district court plaintiff's failure to appeal an attorney's fees award in a timely manner because that plaintiff did not receive notice of the attorney's fees award (what she calls the "180 day rule"). She is then entitled to a 180 day extension of sorts, which is less than the total amount of time that her appeals have been pending, if one subtracts from the total the number of days that her attorney has been disabled.

Federal Rule of Bankruptcy Procedure 8001 states that "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Thus, want of prosecution of a bankruptcy appeal is a procedural rather than jurisdictional violation. *See English-Speaking Union v. Johnson*, 353 F.3d 1013, 1121 (D.C. Cir. 2004). Nonetheless, "several . . . circuits have . . . recogniz[ed] a district court's power to dismiss appeals for want of prosecution, but at the same time requir[ed] district courts to justify dismissal under the particular circumstances of each case." *Id.* (citing, e.g., *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990)).

The Ninth Circuit has "analogized the dismissal of a bankruptcy appeal for failure to prosecute to a dismissal under Fed. R. Civ. P. 41(b)." *In re Donovan*, 871 F.2d 807, 808 (9th Cir. 1989).[5] The same standard applies to dismissal by the BAP or by a district court. *Id.* In either case, the court must "consider both alternative sanctions and the relative culpability of the appellant and his attorney,

---

[5] Thus, a court should consider the following five factors when deciding whether to dismiss for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1451 (9th Cir. 1994). However, "it is not required that the district court make explicit findings in order to show that it has considered these factors." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The Court has considered these factors and finds them to weigh in favor of dismissal of these three appeals without prejudice.

because dismissal may inappropriately punish the appellant for the neglect of his counsel." *Id.*

Debtor's response to the OSC was utterly unhelpful. These are not appeals in a civil case of the type governed by the Federal Rules of Appellate Procedure—they are appeals in a bankruptcy case of the type governed by the Federal Rules of Bankruptcy Procedure. Moreover, the Court has not questioned whether debtor timely filed her appeals, but only pointed out that she failed to take any action to prosecute them. Debtor failed to update her address with the Court. Apparently she failed to inform her attorney about all of her pending appeals. Either her attorney failed to ensure that he learned of all of her pending appeals, or he learned of them but failed to file notices of substitution of counsel. Debtor failed to file any transcripts or briefs. Two of the appeals sat dormant for nearly a year, and one other for nine months. Debtor's counsel was able to work for at least several months during this time, and in fact filed and attempted to prosecute a civil suit against the trustee.

The Court finds that debtor has failed to prosecute these appeals for a significant period of time without any justification and with little explanation. Debtor failed to respond to the Court's question of whether the appeals are interlocutory, except to say that the bankruptcy estate remains open. *See In re NSB Film Corp.*, 167 B.R. 176 (9th Cir. BAP 1994) ("Leave to appeal [an interlocutory bankruptcy order] should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation."); *see also In re Fones4All Corp.*, No. 2:10-cv-01443-JHN, 2010 WL 1172246, * 1 (C.D. Cal. May 23, 2010) (same). Debtor failed to explain how or whether the appeals in Case Number 10-01431 and Case Number 10-01699 are the same or different. Both debtor and her attorney are culpable for failing to prosecute these appeals, and dismissal will not inappropriately punish debtor.

For the foregoing reasons, the following three appeals are DISMISSED without prejudice: Case Numbers 10-01431, 10-01699, and 10-02616.

**IT IS SO ORDERED.**

Dated: March 25, 2011

SUSAN ILLSTON
United States District Judge

4